1  Amanda Kuklinski; AZ Bar No. 035676
2  Kelsey Whalen; AZ Bar No. 037043
   **ZOLDAN LAW GROUP, PLLC**
3  5050 N. 40th St., Suite 260
   Phoenix, AZ 85018
4  Tel & Fax: 480.442.3410
   akuklinski@zoldangroup.com
5  kwhalen@zoldangroup.com
6
7  Attorneys for Plaintiff
   Stephanie Bruns
8
                    **UNITED STATES DISTRICT COURT**
9
                       **DISTRICT OF ARIZONA**
10

11 **Stephanie Bruns**, an Arizona resident,              **Case No.**
12         Plaintiff,
13     v.                                        **VERIFIED COMPLAINT**
14 **Tucson Used Auto Sales**, an Arizona
15 limited liability company, **Dur Saleh**, an
   Arizona    resident;    and    **Hardik**          **(Jury Trial Requested)**
16 **Choudhary**, an Arizona resident,
17
18         Defendants.

19         Plaintiff Stephanie Bruns ("**Bruns**"), for her complaint against Defendants Tucson
20 Used Auto Sales, LLC ("**Tucson Used Auto**"), **Dur Saleh**, and **Hardik Choudhary**,
21
22 hereby alleges as follows:
23                              **PARTIES**
24     1.    Plaintiff is a resident of Arizona.
25     2.    Plaintiff was, at all relevant times, an employee of Tucson Used Auto Sales,
26
27 LLC as defined by 42 U.S.C. § 2000e(f).
28     3.    Plaintiff was, at all relevant times, an employee of Defendants Tucson Used

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

Auto and Dur Saleh as defined by 29 U.S.C. § 203(e)(1).

4.      Plaintiff was, at all relevant times, an employee of Defendants Tucson Used Auto and Dur Saleh as defined by A.R.S. § 23-362(A).

5.      Plaintiff was, at all relevant times, an employee of Defendants Tucson Used Auto and Dur Saleh as defined by A.R.S. § 23-350(2).

6.      Upon information and belief, Tucson Used Auto is an Arizona limited liability company with its principal place of business in Tucson, Arizona.

7.      Upon information and belief, Tucson Used Auto is registered to conduct business and is currently doing business in the State of Arizona.

8.      At all relevant times, Tucson Used Auto has continuously been an employer, employing fifteen or more employees within the meaning of Title VII.

9.      At all relevant times, Tucson Used Auto was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.     At all relevant times, Defendant Tucson Used Auto Sales, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

11.     At all relevant times, Defendant Tucson Used Auto Sales, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

12.     Defendant Dur Saleh is an Arizona resident.

13.     Defendant Dur Saleh is an owner and operator of Tucson Used Auto.

14.     Defendant Dur Saleh is an employer of Tucson Used Auto.

15.     Defendant Dur Saleh has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16.     The FLSA defines "employer" as any individual who acts directly or

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Dur Saleh is an employer.

17.    Defendant Dur Saleh has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

18.    Defendant Dur Saleh has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

19.    Defendant Dur Saleh had the authority to hire and fire employees.

20.    Defendant Dur Saleh had the authority to hire and fire Plaintiff.

21.    Defendant Dur Saleh supervised and controlled Plaintiff's work schedule or the conditions of Plaintiff's employment.

22.    Defendant Dur Saleh determined the rate and method of Plaintiff's payment of wages.

23.    Defendant Dur Saleh maintained employment records in connection with Plaintiff's employment.

24.    As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Dur Saleh is subject to individual and personal liability under the FLSA.

25.    Defendants Dur Saleh and Tucson Used Auto are sued in both their individual and corporate capacities for violations of the FLSA.

26.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

27.    Plaintiff has a reasonable good faith belief that in her work for Defendants Tucson Used Auto and Saleh, she was employed by an enterprise engaged in commerce

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

that had annual gross sales of at least $500,000 in 2021.

28.     Plaintiff has a reasonable good faith belief that in her work for Defendants Tucson Used Auto and Saleh, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

29.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

30.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

31.     At all relevant times, Plaintiff, in her work for Defendants, regularly used instrumentalities of interstate commerce.

32.     Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

33.     Plaintiff is a covered employee under individual coverage.

34.     Plaintiff is a covered employee under enterprise coverage.

35.     Defendant Hardik Choudhary is an Arizona resident.

36.     Defendant Hardik Choudhary was employed by Defendant Tucson Used Auto and is sued in his personal capacity.

## JURISDICTION AND VENUE

37.     All acts complained herein occurred in Pima County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to 29 U.S.C. § 216(b) and Title VII of the Civil Rights Act ("**Title VII**"), 42 U.S.C. § 2000e, *et seq.*

38.     This Court has federal question subject matter jurisdiction over Plaintiff's

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

39.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are sufficiently related to her federal claims that they form the same case or controversy.

40.    The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

41.    Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

42.    Personal jurisdiction in this Court is proper.

43.    Venue in this Court is proper.

## FACTUAL ALLEGATIONS

44.    Plaintiff commenced employment with Tucson Used Auto on or about November 14, 2021.

45.    Tucson Used Auto is engaged in the business of selling used automobiles.

46.    Plaintiff began her employment with Tucson Used Auto as an internet sales manager.

47.    Plaintiff's job duties as the internet sales manager involved contacting potential and current clients, providing clients with relevant sales information, as well as scheduling appointments for clients to view and test-drive inventory.

48.    Starting on or around December 8, 2021, Plaintiff began splitting time working as an internet sales manager and a sales manager.

49.     As a sales manager, Plaintiff greeted clients, collected necessary information from the client to perform test-drives, answered client questions, referred clients to the finance manager to purchase a vehicle, and prepared purchased vehicles with temporary registration permits.

50.     Plaintiff's direct supervisor was finance manager, Defendant Hardik Choudhary ("Choudhary").

51.     Choudhary was authorized to modify Plaintiff's work schedule, assign her job duties, and approve her car sales, thereby determining the amount Plaintiff would be paid.

52.     Throughout her employment, Plaintiff was sexually harassed and assaulted by Defendant Choudhary.

53.     On or about December 29, 2021, Choudhary told Plaintiff that he went through her personal Google account and took a screenshot of her in a bikini. She instructed him to delete it.

54.     Sometime in late December 2021, Saleh terminated Plaintiff from the internet sales manager position, claiming the position was no longer needed. However, Plaintiff continued working as a sales manager.

55.     In January 2022, Choudhary told Plaintiff he had feelings for her. Plaintiff rejected him.

56.     On or about January 11, 2022, Choudhary informed Plaintiff he was the reason she would be returning to her former position as the internet sales manager. When Plaintiff thanked him, he responded, "thank you daddy."

57.     On or about January 21, 2022, Choudhary tried to kiss Plaintiff at the

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

dealership. Plaintiff strained her neck trying to get away from him.

58.     Sometime in January or February 2022, Choudhary grabbed Plaintiff behind the dealership and forced her onto his lap on the dealership's air conditioning unit. Plaintiff could feel he had an erection.

59.     In late January or early February 2022, Choudhary followed Plaintiff into the bathroom at the dealership, locked the door, and motioned for her to perform oral sex on him.

60.     In late January 2022 and again in early February 2022, Saleh approached Plaintiff after witnessing Choudhary touching her in the security footage, stating he did not "want any relationships in the office."

61.     Plaintiff informed Saleh that Choudhary would not stop harassing her despite her constant rejections and pleas for him to stop.

62.     Saleh failed to take any responsive action.

63.     On or about February 6, 2022, Choudhary put his hand on Plaintiff' buttocks without her consent. She immediately tried to push his hand away, but he refused to let go.

64.     On multiple occasions, Choudhary took Plaintiff on "service calls," which he used as an excuse to isolate her and attempt to undress her.

65.     Choudhary also sent Plaintiff multiple sexually harassing text messages, telling Plaintiff they "missed out on [their] New Years kiss," calling her "Princesa" and "baby," and telling her that he missed her.

66.     On or about February 11, 2022, following Plaintiff's repeated rejections, Choudhary sent Plaintiff the contact information of the finance manager at Affordable Autos of Tucson.

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

67.    Choudhary instructed Plaintiff to set up an interview with the finance manager, claiming "I wanna make sure you have a job lined up before I let go of you from here" because "[t]his place isn't right for you."

68.    On or about February 13, 2022, after threatening Plaintiff's job, Choudhary wrapped his arms around Plaintiff and tried to kiss her neck. She dodged his kiss and struggled to get away from him.

69.    Immediately thereafter, Choudhary tried to kiss Plaintiff again, and she leaned away. When he persisted, she pushed him away.

70.    On or about February 24, 2022, Choudhary refused to take Plaintiff to pick up a client's car.

71.    In their resulting argument, Choudhary told Plaintiff that others at the dealership thought she was "a bitch" and that she had a bad attitude.

72.    In response to Choudhary's comments about her attitude, Plaintiff confronted Choudhary for sexually harassing her. This was a public argument witnessed by multiple people including Defendant Saleh.

73.    Following this argument, Defendant Saleh suspended Plaintiff's employment and told her it was "up to her" if she wanted to return.

74.    Plaintiff learned Choudhary remained employed and was not suspended.

75.    On or about February 26, 2022, Plaintiff submitted her resignation.

76.    Based on Choudhary's sexual harassment and her February 24, 2022 suspension, Plaintiff felt she had no choice but to resign her employment due to intolerable and discriminatory working conditions.

77.    Plaintiff was constructively discharged.

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

78.     At the beginning of her employment, Plaintiff received a contract for the Internet Sales Manager position which outlined a pay structure of "$2,000 Flat Salary a month, $30 per sold, funded, closed units, $.75cents [*sic*] per lead log."

79.     Throughout her employment, Plaintiff was paid only commission.

80.     Plaintiff estimates she worked approximately 77 hours per week when she transitioned to sales on or about December 8, 2021.

81.     Defendant informed Plaintiff she would be paid commission only, despite the pay structure in her employment agreement.

82.     Initially, Defendant stated Plaintiff would be paid $250 per car sold, but later decreased this rate to $150, and then to $100.

83.     Defendant also agreed to pay Plaintiff $10 per positive Google or Yelp review she received.

84.     Defendant failed to pay Plaintiff her agreed upon wages throughout her employment.

85.     Most weeks Plaintiff received far less than the federal and state minimum wage requirement or no compensation at all.

86.     Plaintiff estimates that Defendants failed to pay her any wages for three weeks of her employment and paid her partial wages for five weeks of her employment.

87.     Starting on or about December 8, 2021, Plaintiff estimates she worked approximately 77 hours per week. In 2021, Arizona's minimum wage was $12.15 per hour. Therefore, Plaintiff should have been paid $935.55 per week.

88.     In 2022, Arizona's minimum wage is $12.80 per hour. Therefore, Plaintiff should have been paid $985.60 per week.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

89.     Plaintiff's conservative estimate of her unpaid minimum wages is $4,477.

90.     Plaintiff also did not receive all owed commission payments.

91.     After Plaintiff was constructively discharged, Plaintiff did not receive her owed wages during the next regular pay period.

92.     Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

93.     Defendants failed to post and keep posted in a conspicuous place the required poster/notice explaining their employees' rights under the FLSA pursuant to 29 C.F.R. § 516.4.

94.     Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**<u>COUNT I</u>**
**<u>SEX DISCRIMINATION IN VIOLATION OF TITLE VII</u>**
**<u>(DEFENDANT TUCSON USED AUTO SALES)</u>**

95.     Plaintiff reasserts and realleges each allegation in this complaint as if fully set forth herein.

96.     Plaintiff was subject to unwelcomed harassment on the basis of her sex by the Finance Manager and Plaintiff's direct supervisor Hardik Choudhary.

97.     This harassment consisted of repetitive verbal, written, and physical sexual advances, which Plaintiff continuously rejected.

98.     The conduct described above was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

99.     Defendant Tucson Used Auto knew or should have known of the harassment to which Plaintiff was subjected and wholly failed to take proper remedial action.

100.    Plaintiff's direct supervisor conditioned job benefits on Plaintiff submitting to his sexual requests, including by threatening Plaintiff's termination.

101.    Plaintiff's refusal to submit to the Finance Manager's sexual favors or requests resulted in her suspension and constructive discharge.

102.    Because of her sex, Plaintiff was subjected to adverse employment actions including, *inter alia*, suspension and constructive discharge.

103.    Other employees outside of Plaintiff's protected class were treated more favorably.

104.    As a result, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**
**(DEFENDANT TUCSON USED AUTO SALES)**

105.    Plaintiff reasserts and realleges each allegation in this complaint as if fully set forth herein.

106.    Plaintiff engaged in protected activity by reporting Choudhary's sexual harassment to the owner, Defendant Saleh.

107.    Saleh failed to respond to Choudhary's sexual harassment or take action to prevent further harassment from continuing.

108.    Plaintiff felt she had no choice but to resign from her employment given the intolerable and discriminatory conditions.

109.    Plaintiff's suspension and constructive discharge was a direct result of her reporting sexual harassment.

110.    As a result, Plaintiff was harmed in an amount to be proven at trial.

**COUNT III**
**ASSAULT**

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

**(DEFENDANTS TUCSON USED AUTO AND HARDIK CHOUDHARY)**

111.    Plaintiff reasserts and realleges each allegation in this complaint as if fully set forth herein.

112.    Choudhary intended to cause harm and offensive contact with Plaintiff, he did cause harm and offensive contact with Plaintiff, and as a result Plaintiff suffered damages.

113.    Choudhary intended to cause an apprehension in Plaintiff of immediately harmful or offensive contact, Choudhary's contact did cause Plaintiff an apprehension of immediately harmful or offensive contact, and as a result Plaintiff suffered damages.

114.    Choudhary's actions were within the course and scope of employment with Tucson Used Auto and Dur Saleh.

115.    An employee's improper actions, even those serving personal desires, are deemed motivated to serve the employer if those actions are incidental to the employee's legitimate work activity.

116.    Vicarious liability applies to the Defendants Tucson Used Auto and Dur Saleh because Choudhary used his apparent authority to accomplish the wrongful acts and was acting within the scope of his employment, and Defendants Tucson Used Auto and Saleh had actual or constructive notice of his harassment of Plaintiff.

117.    Defendants' conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to the Plaintiff hereby entitling her to punitive damages.

**COUNT IV**
**BATTERY**
**(DEFENDANTS TUCSON USED AUTO AND HARDIK CHOUDHARY)**

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

118.   Plaintiff reasserts and realleges each allegation in this complaint as if fully set forth herein.

119.   Choudhary intended to cause harm and offensive contact with Plaintiff, he did cause harm and offensive contact with Plaintiff, and as a result Plaintiff suffered damages.

120.   Choudhary intended to cause an apprehension in Plaintiff of immediately harmful or offensive contact, Defendant's conduct did cause Plaintiff an apprehension of immediately harmful or offensive contact, and as a result Plaintiff suffered damages.

121.   Choudhary's actions described above were within the course and scope of employment with the Corporate Defendants.

122.   An employee's improper actions, even those serving personal desires, are deemed motivated to serve the employer if those actions are incidental to the employee's legitimate work activity.

123.   Vicarious liability applies to Defendants Tucson Used Auto and Saleh because Choudhary used his apparent authority to accomplish the wrongful acts and was acting within the scope of his employment, and Defendants Tucson Used Auto and Saleh had actual or constructive notice of his harassment of Plaintiff.

124.   Defendants' conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to the Plaintiff hereby entitling her to punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")
## (DEFENDANTS TUCSON USED AUTO AND HARDIK CHOUDHARY)

125.   Plaintiff reasserts and realleges each allegation in this complaint as if fully

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

set forth herein.

126.    Choudhary's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community in any setting.

127.    Choudhary's conduct was intended to cause and/or was done with reckless disregard of the near certainty that Plaintiff would suffer severe emotional distress.

128.    Plaintiff suffered severe emotional distress, which was exhibited by outward physical symptoms.

129.    Choudhary's actions described above were within the course and scope of employment with the Defendants Tucson Used Auto and Saleh.

130.    An employee's improper actions, even those serving personal desires, are deemed motivated to serve the employer if those actions are incidental to the employee's legitimate work activity.

131.    Vicarious liability applies to Defendants Tucson Used Auto and Saleh because Choudhary used his apparent authority to accomplish the wrongful acts and was acting within the scope of his employment, and Defendants Tucson Used Auto and Saleh had actual or constructive notice of his harassment of Plaintiff.

132.    Defendants' conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to the Plaintiff hereby entitling her to punitive damages.

## COUNT VI
## FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206
## (DEFENDANTS TUCSON USED AUTO SALES AND DUR SALEH)

133.    Plaintiff reasserts and realleges each allegation in this complaint as if fully set forth herein.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

134.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

135.    Plaintiff is an employee entitled to the statutorily mandated minimum wage.

136.    Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

137.    As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving proper compensation in accordance with 29 U.S.C. § 206.

138.    In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

139.    Defendants' actions in failing to properly compensate Plaintiff in violation of the FLSA were willful.

140.    Defendants knew Plaintiff was not being compensated properly for time worked and failed to pay proper minimum wages.

141.    Defendants knew their failure to pay minimum wage was a violation of the FLSA.

142.    Defendants have not made a good faith effort to comply with the FLSA.

143.    Plaintiff is also entitled to an award of attorney's fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT VII**
**FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE**
**(DEFENDANTS TUCSON USED AUTO SALES AND DUR SALEH)**

144.    Plaintiff reasserts and realleges each allegation in this complaint as if fully

set forth herein.

145.   At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

146.   Defendant intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

147.   In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

148.   Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT VIII**
**FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE**
**(DEFENDANT TUCSON USED AUTO SALES)**

149.   Plaintiff reasserts and realleges each allegation in this complaint as if fully set forth herein.

150.   At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Wage Statute.

151.   Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

152.   Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

153.   Defendant failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

154.   Defendant has willfully failed and refused to timely pay wages due to

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

Plaintiff.

155.   As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

A.    An award of damages for all counts in an amount to be proven at trial;

B.    An award of compensatory and punitive damages in an amount to be proven at trial, including the value of lost benefits;

C.    Punitive damages pursuant to the common law counts;

D.    An award of front pay and backpay including liquidated damages pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E.    An award of interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

F.    Reasonable attorneys' fees and other expenses under Title VII, 29 U.S.C. § 216(b), and A.R.S. § 23-364(g) and all other causes of action set forth herein;

G.    Pre- and post-judgment interest;

H.    Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260. Phoenix, AZ. 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

1

RESPECTFULLY SUBMITTED October 5, 2022.

2

**ZOLDAN LAW GROUP, PLLC**

3

4

By: /s/Amanda Kuklinski

5050 N. 40th St., Suite 260

5

Phoenix, AZ 85018

6

7

8

9

10

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ, 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

**<u>VERIFICATION</u>**

Plaintiff Stephanie Bruns declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.


_____
Stephanie Bruns