**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Bruns,<br><br>          Plaintiff,<br><br>v.<br><br>Tucson Used Auto Sales, et al.,<br><br>          Defendants. | No. CV-22-00465-TUC-JGZ<br><br>**ORDER** |

Plaintiff was granted a default judgment against Defendant Tucson Used Auto Sales in the amount of $123,136.85 in unpaid wages, compensatory damages, and punitive damages. Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. Plaintiff requests that the Court award her attorneys' fees in the amount of $44,947.50 and costs in the amount of $15,769.30. (Docs. 73–74.) Defendant did not file a response to Plaintiff's Motion. For the following reasons, the Court will award Plaintiff $44,947.50 in attorneys' fees and $15,769.30 in costs.

**I.     Background**

On October 5, 2022, Plaintiff Stephanie Bruns filed a Complaint against Defendants Tucson Used Auto Sales, Dur Saleh, and Hardik Choudhary, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-362, *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Doc. 1.) The

complaint also alleged liability for assault, battery, and intentional infliction of emotional distress ("IIED"). *Id.*

Defendant Tucson Used Auto Sales filed an answer on December 9, 2022. (Doc. 9.) On September 25, 2023, counsel for Defendant filed a second motion to withdraw. (Doc. 44.) The Court granted counsel's request and gave Tucson Used Auto Sales until October 31, 2023 to retain new counsel. (Doc. 45.) The Court granted Defendant's two requests for more time, extending the deadline to December 1, 2023, and then to January 16, 2024, but warning Defendant that another extension would not be granted. (Docs. 47, 49.) On January 10, 2024, Defendant filed for another extension to find counsel, which the Court denied. (Docs. 50, 53.)

On January 25, 2024, Plaintiff filed a Motion to Strike Defendant Tucson Used Auto Sales' Answer, (Doc. 56), which the Court granted. (Doc. 59.) On March 14, 2024, Plaintiff filed an Application for Entry of Default against Defendant. (Doc. 60.) On March 15, 2024, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 61.) On April 17, 2024, the Court granted Plaintiff and Defendant Choudhary's Motion to Dismiss Defendants Hardik Choudhary and Defendant Dur Saleh, in their individual capacities. (Doc. 69.)

On June 10, 2024, Plaintiff filed a Motion for Default Judgment as to Defendant Tucson Used Auto Sales (Doc. 70), which this Court granted on August 14, 2024. (Doc. 71.) Plaintiff timely filed the pending Motion for Attorneys' Fees and Costs, requesting a total of $60,716.80—$44,947.50 in attorneys' fees and $15,769.30 in costs. (Doc. 73.)

**II.     Legal Standard**

Under the FLSA and the AMWA, the Court must award reasonable attorneys' fees and costs to the prevailing party. *See* 29 U.S.C. § 216(b) ("The court in such action shall…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); A.R.S. § 23-364(g) ("A prevailing plaintiff shall be entitled to reasonable attorney's fee and costs of suit."). The prevailing party is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in

bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). Under Title VII, the Court will award attorneys' fees to a prevailing plaintiff "unless special circumstances would render such an award unjust." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 416–17 (1978) (quoting *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968)).

Prior to awarding attorneys' fees, the court must determine whether such fees are reasonable. LRCiv 54.2(c). In determining whether the fees requested are reasonable, district courts must use the lodestar method of calculation. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). To determine the lodestar figure, the court first multiplies the reasonable hourly rate by the number of hours reasonably expended. *See Hensley*, 461 U.S. at 433. "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). Second, the court "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2001).

"In calculating the lodestar, district courts 'have a *duty* to ensure that claims for attorneys' fees are reasonable,' and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citations omitted) (emphasis in original). Rather, a district court must ensure the prevailing attorneys have exercised "billing judgment," and that hours were "reasonably expended." *Id.*; *Hensley*, 461 U.S. at 434.

Local Rule of Civil Procedure 54.2(c)(3) provides a list of factors to be considered in assessing the reasonableness of a requested attorneys' fee award and the adjustment thereof:

> (A) The time and labor required of counsel;
> (B) The novelty and difficulty of the questions presented;
> (C) The skill requisite to perform the legal service properly;

(D) The preclusion of other employment by counsel because of the acceptance of the action;
(E) The customary fee charged in matters of the type involved;
(F) Whether the fee contracted between the attorney and the client is fixed or contingent;
(G) Any time limitations imposed by the client or the circumstances;
(H) The amount of money, or the value of the rights, involved, and the results obtained;
(I) The experience, reputation and ability of counsel;
(J) The "undesirability" of the case;
(K) The nature and length of the professional relationship between the attorney and the client;
(L) Awards in similar actions; and
(M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3); *see also Hensley*, 461 U.S. at 430 n.3; *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975) (acknowledging factors useful in evaluating reasonableness of attorneys' fees), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

### III. Application

Plaintiff requests $44,947.50 in attorneys' fees and $15,769.30 in costs in accordance with Federal Rule of Civil Procedure 54(d), LRCiv 54.2, and 29 U.S.C. § 216(b). Plaintiff prevailed on each of her claims against Defendant through default judgment, and therefore, she is entitled to reasonable attorneys' fees and costs.

#### A. Reasonableness of Rate

Plaintiff's counsel Amanda Kuklinski's hourly rate billed in this case is $400, and Kelsey Whalen's hourly rate is $325. (Doc. 73 at 9.) The Court finds the rates reasonable based on the factors set forth in Local Rule of Civil Procedure 54.2(c)(3), including each attorney's qualifications and experience, the prevailing rates for attorneys with similar experience in Phoenix, Arizona, and rates deemed reasonable in other FLSA and Title VII cases within this district.

B. <u>Reasonableness of Hours Expended</u>

Plaintiff's counsel represents that this matter required 129.9 billable hours—Amanda Kuklinski billed 36.4 hours and Kelsey Whalen billed 93.5 hours. (Docs. 73-1 at 4, 73-2 at 3.) In compliance with LRCiv 54.2(e), that work is documented in chronological order and includes: (1) the date on which the service was performed; (2) the time devoted to the service; (3) a description of the service; (4) and the identity of the individual performing the service. (Doc. 73-3.) Plaintiff's counsel has omitted time spent primarily towards dismissed Defendants Hardik Choudhary and Dur Saleh. (Doc. 73 at 7.) Additionally, Plaintiff's counsel has properly omitted time spent on this case by support staff and on purely administrative tasks. (Doc. 73 at 6–7); *see Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019) ("Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff.").

After careful review of Plaintiff's task-based itemized statement, the Court finds that all tasks and hours listed were reasonably expended in prosecution of Plaintiff's claims against Defendant Tucson Used Auto Sales. Therefore, the Court finds the lodestar number in this matter is $44,947.50, with Ms. Whalen accounting for $30,387.50—93.5 hours multiplied by $325—and Ms. Kuklinski accounting for $14,560.00—36.4 hours multiplied by $400.

C. <u>Lodestar Modification</u>

Based on the lodestar's presumption of reasonableness, Defendant's failure to object, and an examination of external factors, including those set forth in Local Rule of Civil Procedure 54.2(c)(3), the Court finds no reason to modify the lodestar in this case.

D. <u>Reasonableness of Requested Costs</u>

The Court finds that the request for $15,769.30 for costs incurred is reasonable.

**IV.   Conclusion**

For the foregoing reasons, the Court grants Plaintiff's Motion for Attorneys' Fees and Costs and awards Plaintiff $44,947.50 in attorneys' fees and $15,769.30 in costs.

**IT IS ORDERED** Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 73) is **granted;** the Court awards Plaintiff $44,947.50 in attorneys' fees and $15,769.30 in costs against Defendant Tucson Used Auto Sales.

**IT IS FURTHER ORDERED** post judgment interest on the judgment of $60,716.80 shall accrue at a rate of 4.09% per annum as of September 13, 2024.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 13th day of September, 2024.

_____
Jennifer G. Zipps
United States District Judge